# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN L. BROWN,<br><br>               Plaintiff,<br><br>     v.<br><br>COMMONWEALTH OF PENNSYLVANIA, et al.,<br><br>               Defendants. | CIVIL ACTION NO. 1:14-CV-00201<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

## **REPORT AND RECOMMENDATION**

This is an employment discrimination civil rights action initiated by the filing of a counseled complaint in this matter by Plaintiff Dawn L. Brown on February 5, 2014. (Doc. 1). In her complaint, Brown asserts violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951, *et seq*., against the Pennsylvania Department of Corrections ("DOC"), an agency of the Commonwealth of Pennsylvania, as well as PHRA violations against Sergeant Michael Harmon, Lieutenant Brian Hoerner, Captain Jonathan Hepner, and Captain James Meintel. (Doc. 1, ¶¶ 5-9). At all times relevant to this complaint, Brown and all individual Defendants were employed by the DOC as corrections officers ("COs") at SCI-Camp Hill in Cumberland County, Pennsylvania. (Doc. 1, ¶¶ 4-10). On February 27, 2017, the Court granted summary judgment to Defendants Hepner, Hoerner, Meintel, and the Department of Corrections (Doc. 43; Doc. 42), but deferred entry of judgment pending final resolution of the litigation, involving the one remaining defendant in the matter, Michael Harmon, who remains unserved. On March 30, 2017, the Court held a status conference in this matter to discuss the remaining pretrial proceedings. On March 31, 2017, Plaintiff Dawn Brown notified the Court through her

counsel that she was withdrawing all claims against Defendant Harmon. (Doc. 46).

The Court construes the March 31, 2017 letter as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41. Under Rule 41, a plaintiff may dismiss an action without Court Order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(i). As Brown's complaint remains unserved on Defendant Harmon, no opposing party has served an answer or motion for summary judgment preventing voluntary dismissal.

As such, the Court recommends that Brown's motion for voluntary dismissal be GRANTED, and Defendant Michael Harmon be dismissed from the case. Further, as there are no remaining defendants or claims in this matter, it is recommended that final judgment be entered. Finally, upon dismissal of all defendants, it is recommended that the Clerk of Court should close this case.

**BY THE COURT:**

Dated: May 3, 2017

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

DAWN L. BROWN,

        Plaintiff,

v.

COMMONWEALTH OF PENNSYLVANIA, et al.,

        Defendants.

CIVIL ACTION NO. 1:14-CV-00201

(CONNER, C.J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 3, 2017**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: May 3, 2017

                                                            *s/ Karoline Mehalchick*
                                                            **KAROLINE MEHALCHICK**
                                                           **United States Magistrate Judge**